IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John S. Stritzinger, ) | C/A No.  3:15-658-TLW-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Commonwealth of Virginia; State of Texas; Dr. ) | **REPORT AND RECOMMENDATION** |
| Vyas, *Eastern States Hospital*, Dr. Frances ) | |
| Tunney, *Charleston, SC - Doctor*; Mr. Patrick ) | |
| Blake, *Wilcox Salvage - Norfolk Verizon Outside* ) | |
| *Counsel*; Judge Hansen, *2nd Judicial Circuit of* ) | |
| *Virginia*; Judge Woolard, *2nd Judicial Circuit of* ) | |
| *Virginia*; Judge Hodges, *2nd Judicial Circuit of* ) | |
| *Virginia*; Judge Hammons, *2nd Judicial Circuit* ) | |
| *of Virginia*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, John S. Stritzinger, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Plaintiff alleges that, in an employment dispute with Verizon, the State of Virginia "denied unemployment, denied emergency hearings, took [Plaintiff's] apartment, denied access to legal

---

[1] Plaintiff's pleading contains aspects of both a habeas corpus and § 1983 action.  However, Plaintiff submitted his claims on a standard complaint form, rather than a habeas petition.  Further, Plaintiff names defendants who would not be proper respondents in a habeas action and requests damages and injunctive relief unavailable in an action seeking a writ of habeas corpus.  Therefore, the court has construed this action as alleging claims brought pursuant to § 1983.



support for civil matters, denied access to a courtroom, and without a formal evaluation on the merits sent him to a local hospital without bond, along with contempt charges." (ECF No. 1 at 4.) Plaintiff seeks damages, injunctive relief, and a writ of habeas corpus.[2] (Id. at 4-5.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se*

---

[2] To the extent Plaintiff seeks "release pending trial" (ECF No. 1 at 4), such a claim is not cognizable under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

#### 1.     Insufficient Factual Allegations—Vyas, Tunney, and Blake

Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim and must provide sufficient factual information to put defendants on notice of their wrongdoing. See Iqbal, 556 U.S. at 677-79; Twombly, 550 U.S. at 555; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").  Further, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678-79.

Moreover, as indicated above, a defendant must act "under color of state law" to be amenable to suit under § 1983. West, 487 U.S. at 48. While "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor," Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012), purely private conduct, no matter how wrongful, is not actionable under § 1983 and the United States Constitution. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001). In determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341-43 (4th Cir. 2000).

In this action, Plaintiff identifies Defendants Vyas and Tunney as medical doctors and Defendant Blake as counsel for Verizon. (ECF No. 1 at 2.) However, Plaintiff provides no factual allegations to demonstrate that these defendants are state actors amenable to suit under § 1983. Further, the Complaint contains no factual allegations to show that Defendants Vyas, Tunney, and Blake violated Plaintiff's constitutional rights. Therefore, these defendants are entitled to summary dismissal from this case. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (holding that a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights).

        **2.     Sovereign Immunity—Commonwealth of Virginia and State of Texas**

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the



University of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[3] Therefore, Plaintiff's claims against Virginia and Texas are barred by the Eleventh Amendment. As such, these defendants are entitled to summary dismissal from this action.

### 3.     Judicial Immunity—Hanson, Woolard, Hodges, and Hammons

It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. Mireless v. Waco, 502 U.S. 9, 12 (1991); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). Judges are also protected from claims for injunctive relief as § 309(c) of the Federal Courts Improvement Act, Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."[4] 42 U.S.C. § 1983. Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983. See Quern v. Jordan, 440 U. S. 332, 343 (1979). Further Texas and Virginia have not waived immunity for § 1983 claims. See Jackson v. Texas S. Univ., 997 F. Supp. 2d 613, 624 (S.D. Tex. 2014); Couch v. Jabe, C/A No. 7:11-34, 2012 WL 3043105, at *8 (W.D. Va. July 25, 2012).

[4] Plaintiff does not allege that the prerequisites for injunctive relief have been satisfied in this case.



In the instant Complaint, Plaintiff identifies Defendants Hansen, Woolard, Hodges, and Hammons as judges in the Second Judicial Circuit of Virginia. (ECF No. 1 at 3.) While Plaintiff provides no specific allegations against the judicial defendants, he asserts the denial of: (1) bond; (2) appointment of counsel; (3) emergency hearings; and (4) access to a courtroom. (Id. at 4.) Plaintiff further alleges being "sent to a local hospital" and being charged with contempt of court. (Id.) Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, Mireless, 502 U.S. at 11, Defendants Hansen, Woolard, Hodges, and Hammons are absolutely immune from Plaintiff's claims associated with their judicial rulings in state proceedings. Therefore, these defendants are also entitled to summary dismissal from this case.

### III.   Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 16, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).