IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John S. Stritzinger,                              ) | |
|                                                   ) | |
|       Plaintiff,   ) | |
|                                                   ) | C/A No.: 3:15-cv-658-TLW |
| vs.                                               ) | |
|                                                   ) | |
| Commonwealth of Virginia; State of                ) | |
| Texas; Dr. Vyas, *Eastern States Hospital*;       ) | |
| Dr. Frances Tunney, *Charleston, SC –*            ) | |
| *Doctor*; Mr. Patrick Blake, *Wilcox*             ) | |
| *Savage – Norfolk Verizon Outside*                ) | |
| *Counsel*; Judge Hansen, *2nd Judicial*           ) | |
| *Circuit of Virginia*; Judge Woolard, *2nd*       ) | |
| *Judicial Circuit of Virginia*; Judge Hodges,     ) | |
| *2nd Judicial Circuit of Virginia*; Judge         ) | |
| Hammons, *2nd Judicial Circuit of Virginia*,      ) | |
|                                                   ) | |
|       Defendants.  ) | |
| _____ ) | |

**ORDER**

      Plaintiff John S. Stritzinger, proceeding pro se, filed this action on February 9, 2015, alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on March 17, 2015, by Magistrate Judge Paige J. Gossett (ECF No. 13) to whom this case was previously assigned. In the Report, the Magistrate Judge recommends that the Court summarily dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Objections to the Report were due by April 3, 2015. Plaintiff filed objections to the Report on April 23, 2015. (ECF No. 20). Although the objections were not timely filed, the Court has considered them in reaching its decision. Also before the Court are Plaintiff's motion

1

to amend/correct the Complaint (ECF No. 19) and Motion for Writ in Aid of Jurisdiction (ECF No. 22).

The Court has reviewed the Report and the objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the Objections. After careful review of the Report and Objections thereto, the Court hereby **ACCEPTS** the Report. (ECF No. 13). The Plaintiff's Objections (ECF No. 20) are **OVERRULED**.[1] For the reasons stated in the Report, the Plaintiff's Complaint is **DISMISSED** without prejudice and without issuance and service of process. (ECF No. 1).

The Court has also reviewed Plaintiff's motion to amend/correct the Complaint and Motion for Writ in Aid of Jurisdiction. (ECF Nos. 19, 22). The Court finds that amendment would be futile. See Franks v. Ross, 313 F.3d 184, 193, 198 n.15 (noting that a motion to amend under Rule 15 of the Federal Rules of Civil Procedure should be denied when the amendment

---

[1] The Court notes that while Defendant Dr. Vyas is identified as a state hospital employee – and thus as a potential state actor for § 1983 purposes – in the Plaintiff's Objections, the Complaint against this Defendant is still subject to dismissal because it fails to allege that he violated Plaintiff's constitutional rights.

would be futile). As a result, the Plaintiff's motion to amend/correct the complaint (ECF No. 19) is **DENIED**. The Motion for Writ in Aid of Jurisdiction (ECF No. 22) is **DENIED** as **MOOT** in light of the Court's above ruling dismissing the Complaint.

    **IT IS SO ORDERED**.

                                              s/Terry L. Wooten

June 10, 2015                                     Chief United States District Judge
Columbia, South Carolina